1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES E. WALKER,

11          Plaintiff,                     No. CIV S-07-2545 MCE DAD P

12      vs.

13   C/O KARELAS,                          ORDER AND

14          Defendant.                     FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Before the court is the April 2, 2008, motion to dismiss filed

18   on behalf of defendant Karelas on the ground that plaintiff failed to exhaust available

19   administrative remedies prior to bringing this action.  Plaintiff has filed a timely opposition to

20   defendant's motion.  Defendant has not filed a reply.

21                              **BACKGROUND**

22          In his amended complaint plaintiff alleges as follows.  On February 8, 2007, while

23   housed in a mental health unit for depression, plaintiff began hitting a cement wall with his head.

24   Defendant Karelas told him to stop or he would administer pepper spray.  Plaintiff alleges that he

25   hit his head again and defendant Karelas sprayed him.  Plaintiff alleges that Sergeant Gaskin then

26   told him to lay face down and submit to handcuffing.  Plaintiff alleges that he complied with the

1

1   order.  (Am. Compl. at 5.)   Plaintiff alleges that once his hands and ankles were cuffed,

2   defendant Karelas grabbed a body shield and jumped on his head and mid-back, causing him to

3   lose a front tooth.  Plaintiff alleges that defendant Karelas and Sergeant Gaskin did not allow him

4   to see a doctor until he banged on the cell door.  Plaintiff claims that by that time, he was in pain

5   and bleeding from his mouth.  (Id. at 5 & 8.)

6                          **DEFENDANT'S MOTION TO DISMISS**

7   I.  Defendant's Motion

8            Defendant Karelas argues that plaintiff's action should be dismissed because he

9   brought this suit prior to exhausting available administrative remedies.  (Def.'s Mot. to Dismiss

10  at 1.)  Specifically, defendant Karelas contends that plaintiff never attempted to exhaust the

11  claims set forth in his complaint because he never pursued an administrative appeal at any level

12  of the administrative grievance process.  (Id. at 5; Carter Decl. at 2; Grannis Decl. at 2.)

13  Accordingly, defendant concludes that plaintiff's complaint should be dismissed.  (Def.'s Mot. to

14  Dismiss at 5-6.)

15  II.  Plaintiff's Opposition

16            In opposition, plaintiff argues that prison officials hindered his efforts to exhaust

17  administrative remedies because they placed him in a strip cell on suicide watch and refused to

18  provide him with an appeals form and a pen or pencil.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at

19  3.)  Plaintiff explains that inmates in acute psychiatric placement are not allowed paper, pens or

20  pencils, or 602/appeal forms.  He further explains that he was placed on suicide watch for ten

21  days and then moved to an acute hospital and placed again on suicide watch for an additional

22  twenty days.  (Id. at 7 & Ex. 1.)

23            Plaintiff argues that he repeatedly asked correctional officers for the necessary

24  appeals form and a writing implement, but they allegedly laughed at him and denied his requests.

25  He claims that they also informed him that his claim was "not grievable," that he had "nothing

26  coming," and that the excessive force video taken at the time of the incident constituted an

1    administrative appeal.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 7 & Ex. 1.)  Plaintiff has

2    attached to his opposition a declaration in support of his contentions.  (Id., Ex. 1.)  Plaintiff

3    concludes that defendant's motion to dismiss should be denied.  (Id. at 8.)

4    III.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

5              By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42

6    U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

7    under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

8    prison, or other correctional facility until such administrative remedies as are available are

9    exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

10   prison life, whether they involve general circumstances or particular episodes, and whether they

11   allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

12             The Supreme Court has ruled that exhaustion of prison administrative procedures

13   is mandated regardless of the relief offered through such procedures.  Booth v. Churner, 532 U.S.

14   731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other

15   exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.  Moreover, because proper

16   exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an

17   untimely or otherwise procedurally defective administrative grievance or appeal.  Woodford v.

18   Ngo, 548 U.S. 81, 92-93 (2006).

19             In California, prisoners may appeal "any departmental decision, action, condition,

20   or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code

21   Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal

22   levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also

23   referred to as the director's level, is not appealable and will conclude a prisoner's administrative

24   remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  A California prisoner is

25   required to submit an inmate appeal at the appropriate level and proceed to the highest level of

26   /////

1   review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);

2   Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

3          The PLRA exhaustion requirement is not jurisdictional but rather creates an

4   affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion.  Jones v.

5   Bock, 549 U.S. 199, __, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially

6   plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-

7   19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  The defendants

8   bear the burden of raising and proving the absence of exhaustion.  Wyatt , 315 F.3d at 1119.  "In

9   deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look

10  beyond the pleadings and decide disputed issues of fact."  Id.  "I[f] the district court looks beyond

11  the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a

12  procedure closely analogous to summary judgment–then the court must assure that [the prisoner]

13  has fair notice of his opportunity to develop a record."[1]  Id. at 1120 n.14.  When the district court

14  concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper

15  remedy is dismissal of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427

16  F.3d 1164, 1170 (9th Cir. 2005), cert. denied __ U.S. __, 127 S. Ct. 1212 (2007).  On the other

17  hand, "if a complaint contains both good and bad claims, the court proceeds with the good and

18  leaves the bad."  Jones, 127 S. Ct. at 924.

19  IV.  Discussion

20         Prison officials may not render the administrative appeals process unavailable

21  through misconduct and then take advantage of a prisoner's failure to complete the process.  See,

22  e.g,, Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("an administrative remedy is not

23  considered to have been available if a prisoner, through no fault of his own, was prevented from

24  availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)

25

26         [1] Plaintiff was notified of the requirements for opposing a motion to dismiss brought
    pursuant to non-enumerated Rule 12(b) on February 5, 2008.  (Order filed Feb. 5, 2008 at 3-4).

1    (courts are "obligated to ensure any defects in exhaustion were not procured from the action or

2    inaction of prison officials."); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) ("If prison

3    employees refuse to provide inmates with [] [appeal] forms when requested, it is difficult to

4    understand how the inmate has any available remedies."); Dole v. Chandler, 438 F.3d 804, 809

5    (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, []

6    and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed

7    grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.");

8    Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (prisoner's inability to utilize inmate

9    appeals process as a result of prison officials' misconduct may justify failure to exhaust);

10   Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (reversing district court dismissal of a § 1983

11   action because it did not consider plaintiff's allegation that prison officials refused to provide

12   him with grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (any remedy that

13   prison officials prevent a prisoner from utilizing is not an available remedy as defined in section

14   1997e(a)).  See also Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (possible exceptions

15   to the PLRA exhaustion requirement include when administrative procedures are unavailable and

16   when prison officials obstruct a prisoner's attempt to exhaust); Brown v. Valoff, 422 F.3d 926,

17   935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some

18   remedy remains 'available.").

19           In this case, plaintiff claims that he repeatedly sought to file an administrative

20   appeal regarding the claims presented in his amended complaint but that prison officials refused

21   to provide him with the necessary forms and writing utensils.  Instead, he contends, those prison

22   officials informed him that his claim was "not grievable," that no relief was coming his way, and

23   that the video taken of the incident acted as an administrative grievance.  Plaintiff has provided

24   the court with a declaration signed under penalty of perjury stating as much.  Defendant, on the

25   other hand, has provided no evidence disputing plaintiff's contentions in this regard.  Nor has

26   defendant explained what appeals process, if any, was available to plaintiff.  As noted above,

1    defendant elected not to reply in any way to plaintiff's opposition to the pending motion.  The

2    court therefore finds that defendant Karelas has failed to carry his burden of showing that

3    plaintiff failed to exhaust available administrative remedies prior to filing this action.

4    Accordingly, defendant's motion to dismiss plaintiff's excessive force claim due to a failure to

5    exhaust administrative remedies prior to filing suit should be denied.

6                                                    **OTHER MATTERS**

7               Both parties indicate in their filings that the defendant's name is properly spelled

8    "Karelas."  Accordingly, the court will direct the Clerk of the Court to amend the docket to

9    reflect the defendant's last name is spelled Karelas.

10                                                    **CONCLUSION**

11              IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend the

12   docket to reflect that the defendant's last name is spelled Karelas;

13              IT IS HEREBY RECOMMENDED that defendant's April 2, 2008 motion to

14   dismiss (Doc. No. 20) be denied.

15              These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17   days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within ten days after service of the objections.  The parties are advised

21   that failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   DATED: November 6, 2008.

24

25

                                                                    DALE A. DROZD
26   DAD:9                                                          UNITED STATES MAGISTRATE JUDGE
     walk2545.57