IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. WALKER,

      Plaintiff,　　　　　　　　　　No. CIV S-07-2545 MCE DAD P

  vs.

A. KARELAS,

      Defendant.　　　　　　　　　　<u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel and request for a stay.

**PLAINTIFF'S MOTION TO COMPEL**

      Plaintiff has filed a motion to compel discovery. Therein, he argues that he propounded his first set of requests for production of documents on defendant Karelas who has improperly suggests in his responses that some of the documents requested are equally available to plaintiff. Plaintiff has attached to his motion a copy of his first request for production of documents. (Pl.'s Mot. to Compel at 2 & Ex. A.)

      In his motion to compel, plaintiff also appears to request additional documents and things from defendant Karelas. For example, he requests production of any staff complaints filed against the defendant, any reports regarding the alleged excessive force incident complained

1

of in this action, and plaintiff's medical and dental records.  Plaintiff also requests production of any video taken of the alleged excessive force incident.  (Pl.'s Mot. to Compel at 6-7.)

Defendant Karelas has opposed plaintiff's motion, arguing that plaintiff has failed to explain which of the defendant's responses he believes are deficient.  In addition, the defendant contends that plaintiff has propounded one discovery request on him, and he timely responded to it.  In his motion to compel, plaintiff includes new, separate discovery requests for documents and things that plaintiff has not previously sought from the defendant.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 1-2.)

The court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of the defendant's responses are disputed, why he believes the defendant's responses are deficient, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Here, plaintiff has provided no specific arguments in support of his motion to compel and is essentially asking the court to make his arguments for him.  The court will not review each of plaintiff's discovery requests and each of the defendant's responses thereto in order to determine whether any of the defendant's responses are somehow deficient.  Plaintiff has the burden of describing why the defendant's particular response is inadequate.  See, e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6,

2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

Moreover, plaintiff is advised that he may file a motion to compel only after the defendant fails to adequately respond to his discovery requests. See Fed. R. Civ. P. 37(a) (motion to compel may be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or replies to a discovery request with an "evasive or incomplete disclosure, answer, or response."). Aside from plaintiff's first request for production of documents, it appears that plaintiff has not propounded any further discovery requests on the defendant for the additional documents and things he seeks in his motion to compel.

Finally, if plaintiff wishes to renew his motion to compel he is advised that the court will not compel the defendant to produce documents that are equally available to plaintiff in his medical file or central file. In addition, the court will not order the defendant to produce documents that do not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a)(1). Finally, the court will not order the defendant to respond to discovery requests that are overbroad and burdensome or that do not appear reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, for the reasons discussed above, the court will deny plaintiff's motion to compel without prejudice.

**PLAINTIFF'S REQUEST FOR A STAY**

Plaintiff has filed a request to stay his deposition. On February 3, 2009, defense counsel notified plaintiff that he intended to take his deposition on February 24, 2009. In his request for a stay, plaintiff objects to the deposition and argues that he must first carefully consider any answers he will give. Plaintiff notes that he is on psychiatric medication, and its side effects can distort his thoughts and prevent him from thinking and communicating clearly.

On December 31, 2008, this court issued a discovery order. Under the order, defendant Karelas is allowed to depose plaintiff provided he gives plaintiff at least fourteen days

3

1  notice in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure.  Here, it is
2  undisputed that defendant Karelas provided plaintiff with sufficient notice of his deposition.  It is
3  not clear whether defense counsel took plaintiff's deposition as scheduled.  However, plaintiff is
4  advised that the undersigned has the authority under Local Rule 73-302(c)(1) to order plaintiff to
5  submit to a deposition.  In his request, plaintiff has not demonstrated that he is unable to
6  participate in a deposition.  Rather, he only appears to express concern that he may say
7  something in error.

Plaintiff is advised that, to the extent that the defendant relies on any of plaintiff's deposition testimony in a forthcoming motion for summary judgment, plaintiff may file with his opposition a declaration signed under penalty of perjury clarifying why the portions of the deposition testimony that the defendant relies on may be inaccurate or incomplete.  Plaintiff is strongly cautioned, however, that the court will not allow him to rewrite his deposition testimony in an attempt to evade an unfavorable summary judgment.  See Kennedy v. Allied Mut. Ins. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party may not create an issue of fact by an affidavit contradicting his prior deposition testimony.").

Accordingly, for the reasons discussed above, the court will deny plaintiff's request for a stay of his deposition.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. No. 37) is denied without prejudice; and

2. Plaintiff's request for a stay of his deposition (Doc. No. 39) is denied.

DATED: September 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
walk2545.mots

4